UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60236
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

WILLIE FRANK JONES, BILLY RAY GRAY,
SYLVESTER BYERS and ANTHONY C. MARION,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court for the
Northern District of Mississippi
(3:94-CR-36-D)
_____

April 10, 1996

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:[*]

        After considering the briefs and argument of counsel and the record, the Court finds no reversible error and therefore affirms the convictions and sentences of the appellants.

        The only contention of appellants deserving any discussion is that respecting contacts with jurors.  After receiving the jury note concerning this, the district court examined each of the

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

jurors individually and ascertained that these matters would not have an effect on their deliberations and they could continue to be impartial. The jury was also given appropriate formal instructions in this respect. Appellants complain of certain asserted deficiencies in the district court's examination of the jurors, and that the trial court did not allow them to call the jurors to testify at a post-verdict motion for new trial hearing. We are not persuaded that any reversible error is shown. We note that the trial court's pre-verdict *in camera* examination of the jurors was pursuant to and as contemplated by the express request of defense counsel. The nature of the two contacts was neither expressly nor impliedly threatening or promissory, and was relatively mild and vague (a defendant was a "good" person whom the juror could "help"); although expressly on behalf of one particular defendant, the contacts did not suggest that that defendant, or any other defendant, had instigated or knew of the contacts; and neither of the two contacts was face-to-face. Moreover, the evidence against the defendants was overwhelming.

The appellants' convictions and sentences are

AFFIRMED.

2